252 April 1, 2026 No. 266

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner below,*
*and*

C. A. K.,
*Respondent,*

*v.*

A. M. K.,
*Appellant.*

Marion County Circuit Court
16JU01154; A188297

Tiffany Underwood, Judge pro tempore.

Submitted February 18, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sarah Peterson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Aron Perez-Selsky filed the brief for respondent C. A. K.

Stacy M. Chaffin, Assistant Attorney General, waived appearance for respondent Department of Human Services.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Mother appeals from the juvenile court's denial of her motion to dismiss jurisdiction and terminate the wardship over her child, E. She raises a single assignment of error that the juvenile court erred in denying the motion. We affirm for the following reasons.

In reviewing an order denying a parent's motion to dismiss jurisdiction and terminate wardship over a child, we "assume the correctness of the juvenile court's explicit findings of historical fact if there is any evidence in the record to support them[.]" *T. W. v. C. L. K.*, 310 Or App 80, 82, 483 P3d 1237, *rev den*, 368 Or 515 (2021). We ask "whether those findings, including nonspeculative inferences consistent with the findings, are legally sufficient to support its ruling." *Id.* at 82-83. Where, as here, the permanency plan is something other than reunification, "a parent seeking dismissal of dependency jurisdiction must prove that the bases for jurisdiction no longer pose a current threat of loss or harm to the child that is reasonably likely to be realized, thereby overcoming the presumption created by the permanency plan that the child cannot return safely to parents." *Dept. of Human Services v. T. L.*, 279 Or App 673, 690, 379 P3d 741 (2016). In other words, mother had the burden to prove that the bases for jurisdiction were ameliorated.

After reviewing the record, we conclude that the evidence is legally sufficient to support the juvenile court's ruling that mother did not meet her burden to prove that the existing bases for jurisdiction had been ameliorated. In 2016, the court asserted dependency jurisdiction over E on three bases, under ORS 419B.100(1). In 2018, the juvenile court established a general guardianship over E under ORS 419B.366.

As noted above, mother moved to dismiss jurisdiction and asked the court to terminate the wardship under ORS 419B.328. Two bases for jurisdiction are relevant to this appeal:

"A.   \*\*\*. The child's Mother suffers from cognitive and mental health deficits and is unable to safely and adequately parent the child at this time.

"B.  \*\*\*: The child's Mother exposed the child to unsafe persons and situations, including violence in the home between the child's [m]other and her roommates, a person who possessed and allowed the child and child's siblings to view child pornography, and others who engaged in sexual acts in the presence of the child and child's siblings, and unsanitary living conditions, placing the child at risk of harm."[1]

Mother had been ordered, in a review judgment, to submit to psychological evaluation and comply with any recommendations for psychological treatment.

In evaluating whether mother had proved that the basis for jurisdiction regarding mother's cognitive and mental health deficits had been ameliorated, the juvenile court found that mother had not presented evidence "that would indicate that the psych[ological] eval[uation]" required by the review judgment "ha[d] been accomplished, or even what the recommendations" were. The juvenile court noted that mother had testified that she attended parenting classes but had not presented evidence about how those classes addressed the jurisdictional basis, and that mother had been to counseling but did not describe what the counseling consisted of or the goals of counseling. Those findings are supported by the record. Thus, the record is sufficient to support the juvenile court's determination that mother did not meet her burden to prove that the grounds for the first jurisdictional basis no longer continued, and that if they did, the risk to child was unlikely to be realized.

On appeal, mother relies primarily on uncontested evidence that she cares for another child, her son, and that E stays with mother from Friday through Sunday each week, apparently without incident. That evidence could support an inference that mother's mental health and cognitive deficits no longer prevent her from safely caring for E. However, it

---

[1] The third basis, that "father's current residence would be inappropriate for the child to reside, and therefore, he is unavailable as a custodial resource for the child" is not at issue in this case. At the time of mother's motion to dismiss jurisdiction, father lived in mother's residence. Based on our understanding of the record, it appears that the parties assumed that if mother met her burden that bases A and B had been ameliorated, her motion would be granted and jurisdiction would be dismissed. Thus, the juvenile court and the parties did not discuss the third basis, and we need not do so here.

does not compel such a conclusion. On this record and under our standard of review, we cannot conclude that the juvenile court was required to determine that mother had met her burden to prove that she had ameliorated the first jurisdictional basis, for the reasons explained above.

Regarding the second basis for jurisdiction relating to exposure of child to unsafe persons, mother testified that the person who had exposed her child to child pornography had lived in her household on and off until a month before the hearing on the motion to dismiss and that the person still regularly came over to her house. The trial court found that, although mother had taken a number of parenting classes, it did not have evidence before it that would help it "determine whether or not [m]other has ameliorated those conditions" or even that mother "understands the safety concerns of letting somebody be in her house near her son who has previously in the past permitted a very young child to be subjected to very dangerous images." Mother testified that she did not have any pornography in her home and that mother believed that the person was safe to be around her children. But there is evidence in the record sufficient to support the juvenile court's determination that mother's decision to permit E to have contact with a person who possessed child pornography and who permitted a child to view child pornography in the past meant that mother had failed to meet her burden to prove that the jurisdictional basis had been ameliorated—particularly given that the record contained evidence to support the juvenile court's determination that mother lacked insight into the harm to E based on the problems identified in the jurisdictional bases.

Affirmed.